

# ARKANSAS SUPREME COURT

No. CR-13-842

| | |
|---|---|
| | **Opinion Delivered** May 8, 2014 |
| EUGENE THOMAS, III | |
| APPELLANT | PRO SE MOTION FOR DUPLICATION OF APPELLANT'S BRIEF AT PUBLIC EXPENSE, |
| v. | [ASHLEY COUNTY CIRCUIT COURT, NO. 02CR-10-155] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2011, appellant Eugene Thomas, III, entered a plea of guilty to aggravated robbery and commercial burglary. He was then sentenced by a jury to an aggregate term of 240 months' imprisonment. The Arkansas Court of Appeals affirmed the sentence. *Thomas v. State*, 2012 Ark. App. 466, ___ S.W.3d ___.

Subsequently, appellant filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The petition was denied, and appellant appealed to this court.

Now before us is appellant's motion to have his brief-in-chief duplicated at public expense. We need not consider the merits of the motion because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear

SLIP OPINION

that the appellant could not succeed. *Dodge v. State*, 2014 Ark. 116 (per curiam). Accordingly, the appeal is dismissed, and the motion is moot.

The claims raised in the petition concerned whether appellant's attorney afforded him effective assistance at trial and on direct appeal and, to a lesser degree, whether the evidence was sufficient to sustain the judgment of conviction. A review of the record and the order reveals that there was no merit to the Rule 37.1 petition.

To the extent that any allegation in the petition was intended to challenge the sufficiency of the evidence to sustain the judgment, it would appear that appellant misunderstood the scope of a Rule 37.1 proceeding in his case. Because appellant entered a plea of guilty, the issue of his guilt was not a matter to be decided by the jury, which was empaneled to consider sentencing only. Moreover, even in cases wherein there was a trial to the jury on the issue of the defendant's guilt, Rule 37.1 does not provide a means to attack the weight of the evidence to support the conviction. *See Williams v. State*, 2013 Ark. 375 (per curiam); *Pride v. State*, 285 Ark. 89, 684 S.W.2d 819 (1985) (per curiam). Any assertion that is a direct challenge to the sufficiency of the evidence is not cognizable under Rule 37.1. 2010 Ark. 300, 327 S.W.3d 538.

With respect to the numerous assertions of ineffective assistance of counsel contained in the Rule 37.1 petition, when considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding

SLIP OPINION

that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached

SLIP OPINION

would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his petition, appellant did not challenge counsel's representation with respect to the entry of the guilty plea. His petition concerned the sentencing by the jury and the direct appeal from the sentencing proceeding. He argued that counsel was ineffective in that counsel did not formulate any kind of trial strategy; did not voir dire the jury on the presumption of innocence, burden of proof, and the "corpus delicti rule" requiring the State to prove the intent to commit the offense other than relying on "his stand-alone confession"; erred in admitting in the opening statement and closing argument that appellant was guilty and thus violated appellant's right to avoid self-incrimination and failed to argue in the closing argument that the State had not proved its case regarding intent beyond a reasonable doubt; did not seek the corpus delicti jury instruction; failed to raise on appeal convincing arguments concerning the trial court's denial of a motion for mistrial; failed to raise on appeal the denial of his motion for directed verdict; did not adequately research, prepare, amend, and perfect

the appeal. The allegations of ineffective assistance of counsel were not sufficient to establish that appellant was entitled to relief under Rule 37.1.

When appellant entered his plea of guilty, that proceeding was his trial, which established his guilt. *Williams v. State*, 2011 Ark. 203 (per curiam). When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not voluntarily and intelligently entered with effective assistance of counsel. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam). Appellant does not contend that his plea was not made voluntarily and intelligently, or that his plea was not made on the advice of competent counsel. The allegations pertaining to presumption of innocence, intent to commit the offense, and self-incrimination are not cognizable as appellant's guilt was not at issue in the sentencing proceeding.

As to the remaining allegations of ineffective assistance of counsel, appellant failed to show that counsel made any specific error that would undermine confidence in the jury's decision within the framework of *Strickland*. The claims asserted by appellant were essentially conclusory statements without the factual substantiation required to establish ineffective assistance of counsel. A claim of ineffective assistance of counsel must be supported by facts sufficient to overcome the presumption that counsel was effective. *See Mathis v. State*, 2014 Ark. 148 (per curiam). Appellant did not explain why any particular jury instruction was warranted nor did he state what arguments appellant could have made on appeal that would have been meritorious. To succeed on an allegation that counsel should have made an argument in the trial court or on appeal, the burden is on the petitioner to submit facts to support the proposition

that a specific, meritorious argument could have been made and that failing to raise that specific argument would not have been a decision supported by reasonable professional judgment. *See Montgomery v. State*, 2014 Ark. 122.

On the issue of whether trial counsel's strategy was effective, trial strategy is largely a subjective issue about which seasoned advocates could disagree. An approach that may prove effective in one instance may fail entirely in another. Counsel is allowed great leeway in making strategic and tactical decisions. *See Ellis v. State*, 2014 Ark. 24 (per curiam). Matters of trial strategy, even if the strategy proves improvident, are not grounds for granting postconviction relief. *Prater v. State*, 2012 Ark. 164, 402 S.W.3d 68; *Fretwell v. State*, 292 Ark. 96, 728 S.W.2d 180 (1987) (per curiam). Nevertheless, the decisions must be based on reasonable professional judgment. *Clarks v. State*, 2011 Ark. 296 (per curiam); *Leak v. State*, 2011 Ark. 353 (per curiam). Here, appellant fell far short of establishing that counsel's conduct was outside the bounds of reasonable professional judgment.

Appeal dismissed; motion moot.

*Eugene Thomas, III*, pro se appellant.

No response.