SLIP OPINION

Cite as 2014 Ark. 327

# SUPREME COURT OF ARKANSAS

No. CR-13-906

| | |
|---|---|
| ROY DEAN SPRATT | **Opinion Delivered** July 31, 2014 |
| APPELLANT | |
| V. | PRO SE APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. 21CR-11-18] |
| | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED. |

**PER CURIAM**

In 2011, appellant Roy Dean Spratt was found guilty by a jury in the Desha County Circuit Court of attempted residential burglary and was sentenced as a habitual offender to 360 months' imprisonment. A fine of $5,000 was also imposed. The Arkansas Court of Appeals affirmed. *Spratt v. State*, 2013 Ark. App. 170.

In 2013, appellant filed in the circuit court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The petition was denied, and appellant brings this appeal. This court will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Johnson v. State*, 2014 Ark. 74; *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

As his first point for reversal of the order, appellant contends that the trial court erred

in denying the Rule 37.1 petition without holding an evidentiary hearing. Arkansas Rule of Criminal Procedure 37.3 provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the petitioner is entitled to no relief. *Anthony v. State*, 2014 Ark. 195 (per curiam); *Lemaster v. State*, 2013 Ark. 449 (per curiam); *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). When it denies a Rule 37.1 petition without an evidentiary hearing, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352; *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189 ("[W]here no hearing is held on a Rule 37 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief."). Here, the trial court's order addressed the allegations raised in the Rule 37.1 petition in compliance with Rule 37.3(a), and, moreover, it was evident from the face of the petition and the record that no relief was warranted. *See Lemaster*, 2013 Ark. 449.

In his other issues in this appeal, appellant argues that it was error for the trial court to reject his claim that his trial attorney was ineffective.[1] When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court

---

[1]Appellant raised additional claims for relief in the petition that were entirely conclusory in nature and are not raised in this appeal. Claims argued below but not on appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam).

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 385 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard*

SLIP OPINION

*v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant's allegations of ineffective assistance of counsel pertain to the voir dire of the potential jurors. During voir dire, the trial court introduced appellant to the prospective jurors and asked if any of them knew him. Two replied that they were employees of the Arkansas Department of Correction ("ADC") where appellant was housed. The court excused both persons from the panel. In a bench conference concerning the first ADC employee, counsel for appellant asked for mistrial on the ground that all the prospective jurors heard her response and thus knew that appellant had committed a prior offense. The State argued that the prospective jurors did not know why appellant was incarcerated and may have thought that he was in the ADC pending trial. The court denied the request for a mistrial but offered to "inquire about it." Counsel responded that an inquiry would "just rub it in more."

The second prospective juror was also excused after defense counsel objected on the same grounds and again asked for a mistrial. The court denied the request. Before the jury was seated, the court offered to give the jury an instruction, advising the jury that what they may have

heard concerning appellant's present incarceration was not evidence and could not be considered as proof of anything or for the purpose of deciding appellant's guilt. Counsel declined the jury instruction and unsuccessfully renewed his motion for mistrial.

On direct appeal, appellant asked that the judgment be overturned on the ground that a mistrial should have been granted. The court of appeals held that there is no error when the trial court fails to give an admonition or cautionary instruction when none is requested. The court of appeals also noted that it was apparent that the trial court did not deliberately attempt to elicit prejudicial responses from the prospective jurors, and, thus, there was no error in denying a mistrial.

In his Rule 37.1 petition, appellant alleged that he was denied his right to effective assistance of counsel by counsel's failure to investigate the jury pool and learn that two of the prospective jurors were ADC employees and by counsel's failure to allow the trial court to admonish the potential jurors as the trial court had offered to do. In its order on the petition, the trial court held that counsel's decisions not to ask for an admonition or a cautionary instruction regarding the ADC employees were decisions about which reasonable counsel could disagree and were within the acceptable range of professional conduct. We find no error.

Here, defense counsel said that he did not want to "rub it in more" by asking for an admonition after the prospective juror indicated that appellant was in the custody of the ADC. Likewise, a request for a cautionary instruction would have brought more attention to the ADC employees' knowledge that appellant was incarcerated. The decisions by counsel were clearly decisions of trial strategy about which seasoned advocates could disagree. We have repeatedly

held that such decisions are outside the purview of a Rule 37.1 proceeding. *See Wertz v. State*, 2014 Ark. 240, ___ S.W.3d ___. Matters of trial strategy and tactics, even if arguably improvident, are not grounds for a finding of ineffective assistance of counsel. *Hayes v. State*, 2014 Ark. 104, ___ S.W.3d ___; *White v. State*, 2013 Ark. 171, ___ S.W.3d ___; *Chenowith v. State,* 341 Ark. 722, 19 S.W.3d 612 (2000).

With respect to appellant's claim that his attorney was remiss in failing to investigate the prospective jurors' backgrounds, the jurors' statements were made during the trial court's preliminary questioning of the panel's fitness for jury duty during voir dire, not during questioning by the State or the defense. The two persons were excused from the panel. Drawing the attention of the panel to the answers may have focused the remaining prospective jurors on the fact of appellant's incarceration. Appellant has not shown that he was prejudiced by counsel's decision to allow the trial to proceed without an admonition or a cautionary instruction.[2] Based on the *Strickland* standard, we cannot say that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. As stated, this court will uphold the judgment of the trial court denying postconviction relief unless the appellant demonstrates that the judgment was clearly erroneous. To establish that the trial court erred in finding that counsel was not ineffective, the

---

[2]In his brief, appellant claims for the first time in this appeal that counsel should have used peremptory challenges in accordance with *Batson v. Kentucky*, 476 U.S. 79 (1986), to excuse the jurors who were employees of the ADC prior to their comments concerning his incarceration. *Batson*, however, concerns racial bias and is not applicable to circumstances of appellant's case. Moreover, the argument was not raised in the trial court, and an appellant is limited on appeal to the scope and nature of the arguments he or she made below. *Thornton v. State*, 2014 Ark. 113 (per curiam).

petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State*, 2013 Ark. 179 (per curiam); *see also Moore v. State*, 2014 Ark. 231 (per curiam). Appellant has not met that burden. Accordingly, the trial court's order is affirmed.

Affirmed.

*Roy Dean Spratt*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.