SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR–13–992

| | | |
|---|---|---|
| GREGORY DECAY | | **Opinion Delivered** September 25, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. CR07-999-1] |
| | | |
| STATE OF ARKANSAS | | HONORABLE WILLIAM A. STOREY, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Gregory Christopher Decay appeals from the order of the Washington County Circuit Court denying and dismissing his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.5 (2010). Decay was convicted of two counts of capital murder and was sentenced to death; this court affirmed his convictions and sentence. *See Decay v. State*, 2009 Ark. 566, 352 S.W.3d 319 (*Decay I*). Decay then filed a Rule 37.5 petition for postconviction relief. The circuit court denied and dismissed his petition, and Decay appealed. We reversed and remanded for the entry of a written order containing specific findings of fact and conclusions of law as required under Rule 37.5(i). *See Decay v. State*, 2013 Ark. 185 (*Decay II*). The circuit court entered such an order, and Decay now appeals from that order, asserting five points on appeal: (1) that he was denied effective assistance of counsel when his trial counsel failed to investigate, develop, and present mitigation evidence; (2) that he was denied effective assistance of counsel when his trial

counsel failed to object to the prosecutor's comment on his failure to testify; (3) that he was denied effective assistance of counsel when his trial counsel failed to object to the prosecutor's statement that Decay may become eligible for release if sentenced to life imprisonment without parole; (4) that he was denied effective assistance of counsel when his trial counsel failed to advance the defense of his choice; and (5) that the circuit court erred in its denial of relief as it related to his defense-of-choice claim because prejudice should have been presumed. We affirm the order of the circuit court.

In *Decay II*, this court limited the circuit court's findings of fact and conclusions of law on remand to "only those issues raised on appeal," which included (1) that he was denied effective assistance of counsel when his trial counsel failed to investigate, develop, and present mitigation evidence during his trial; (2) that he was denied effective assistance of counsel when his trial counsel failed to properly object to the prosecuting attorney's comment on Decay's failure to testify; (3) that he was denied effective assistance of counsel when his trial counsel failed to properly object to the prosecuting attorney's statement to the jury that Decay may become eligible for release if sentenced to life imprisonment without parole; and (4) that he was denied effective assistance of counsel when his trial counsel failed to advance the defense that Decay did not commit the act that resulted in the deaths of the victims. 2013 Ark. 185, at 2. In its order following remand, the circuit court concluded that (1) trial counsel's investigation, development, and presentation of mitigating evidence was not deficient and did not prejudice Decay; (2) that trial counsel's failure to object to the prosecuting attorney's comment on Decay's remorse was not deficient and did not prejudice Decay; (3) that the

SLIP OPINION

prosecuting attorney's statement regarding life imprisonment without parole was a correct statement of the law and was not objectionable; and (4) that there was no basis in law or fact that would have supported a defense that Decay did not commit the acts that resulted in the victims' deaths and trial counsel's performance was therefore not deficient and did not result in prejudice to Decay.

This court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *See Golden v. State*, 2013 Ark. 144, 427 S.W.3d 11. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *See id.* In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *See id.* Our standard of review requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668. *See id.*

In asserting ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient. *See Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the petitioner by the Sixth Amendment. *See id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have



been the result of reasonable professional judgment. *See id.*

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *See id.* In doing so, the petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *See id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *See id.*

### I. *Failure to Investigate, Develop, and Present Mitigating Evidence*

For his first point on appeal, Decay argues that the circuit court erred in denying his claim that his trial counsel were ineffective in failing to investigate, develop, and present mitigation evidence. He asserts that, despite being assigned a mitigation specialist, the specialist did not perform his job duties, and he therefore did not receive the benefit of having had the specialist. To that end, he contends, his trial counsel were ineffective in failing to "supervise and control" the specialist. Additionally, Decay submits, the minimal testimony by his family members during the sentencing phase was insufficient in its mitigating effect and further demonstrates his trial counsel's deficiencies. Decay maintains that the prejudice is apparent, as none of the mitigating circumstances presented to the jury were found by the jury to exist.

The State responds that Decay failed to show any deficient performance on the part of his trial counsel, when the testimony at the postconviction hearing demonstrated that his trial counsel actively sought mitigating evidence, prepared for the sentencing phase by

meeting with each other repeatedly, meeting with Decay, inquiring about his childhood and family history, requesting Decay's records, talking with his family members, and even obtaining a continuance to further develop any mitigation evidence. It states that, to the extent the mitigation specialist failed to investigate, Decay's trial counsel dealt with that failure and completed the investigation. Moreover, the State avers, Decay failed to show in his petition or during the hearing any other mitigation that trial counsel could, and should, have sought or developed. The State contends that Decay has shown neither deficient performance by his trial counsel nor prejudice and therefore urges us to affirm the circuit court's order.

Here, Decay claims that his trial counsel were ineffective in failing to investigate, develop, and present mitigation evidence in the sentencing phase of his trial and that the circuit court erred in denying his petition on this basis. The sum of his argument is that the mitigation evidence presented by his trial counsel "was a weak attempt to show the jury the real picture of Gregory Christopher Decay's life that is worth living." The circuit court, however, found that "all available mitigation evidence was developed by Petitioner's trial counsel," and that trial counsel's mitigation efforts were not deficient and did not result in prejudice to Decay. We agree.

It is undisputed that the guarantee of effective assistance of counsel clearly encompasses the penalty phase of a criminal trial, and this court has recognized that the failure to present any testimony during the mitigation phase of the trial fails to pass constitutional muster. *See, e.g., Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. Counsel is obligated to conduct an investigation for the purpose of ascertaining mitigating evidence, and the failure to do so is

error. *See Echols v. State*, 354 Ark. 530, 127 S.W.3d 486 (2003). Such error, however, does not automatically require reversal unless the petitioner shows that, but for counsel's errors, there is a reasonable probability that the sentence would have been different. *See id.*; *Coulter v. State*, 343 Ark. 22, 31 S.W.3d 826 (2000). When reviewing a claim of ineffectiveness based on a failure to present adequate mitigating evidence, we must view the totality of the evidence—both that adduced at trial and that adduced in the postconviction hearing. *See Coulter*, 343 Ark. 22, 31 S.W.3d 826.

To the extent that Decay argues that additional mitigating evidence was not investigated, developed, or presented, our review of the record reveals that Decay wholly failed to identify to the circuit court any additional evidence or witnesses that should have been presented during the sentencing phase of his trial by his trial counsel but were not. In his petition, Decay merely stated that "[t]rial counsel was ineffective for failing to properly investigate and present mitigation evidence at the sentencing phase of the trial," and at the hearing, Decay relied solely on the testimony of his trial counsel, neglecting to identify any other witnesses or evidence that would have been relevant to mitigation. When a petitioner fails to show what was omitted and how it could have changed the outcome, we will not grant postconviction relief for ineffective assistance of counsel. *See Wooten v. State*, 351 Ark. 241, 91 S.W.3d 63 (2002).

Moreover, it is clear from the record that Decay's trial counsel did in fact investigate, develop, and present mitigating evidence. During the sentencing phase of Decay's trial, Decay's older brother, sister, mother, and the mother of his other brother's son each testified

6

on his behalf. Decay's lead counsel, Denny Hyslip, testified at the postconviction hearing that, while the mitigation specialist did not perform well, he and co-counsel, Julie Tolleson, prepared for sentencing and mitigation. He testified that they spoke with Decay's family about his "childhood, his education, any particular injuries he might have had, [and] how he did in school," and that no one gave them "an avenue or a witness or anything for mitigation" that they did not check out. In addition, Ms. Tolleson testified that they met with Decay, and later his family, and went through a thirty-page mitigation questionnaire in an attempt to discover any mitigating evidence concerning Decay's birth, childhood, development, schooling, participation in sports, religious convictions, and prior "trouble." She testified that, while they also sought out Decay's school, hospital, and medical records from Louisiana, where Decay grew up, the records were unavailable because of Hurricane Katrina, and the standardized test scores and work records that they did obtain were not helpful. In addition, Decay's trial counsel moved for, and were granted, a continuance to further prepare for the sentencing phase of Decay's trial.

In light of the foregoing, we simply cannot say that the circuit court clearly erred in finding that trial counsel's performance was not deficient with respect to mitigation. Nor need we address Decay's argument that prejudice is apparent. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Anderson v. State*, 2011 Ark. 488, at 3–4, 385 S.W.3d 783, 787 (quoting *Strickland*, 466 U.S. at 697). We affirm the circuit court's finding.



II. *Failure to Object to the Prosecutor's Comment on Decay's Failure to Testify*

For his second point on appeal, Decay argues that his trial counsel were ineffective for failing to object to statements made by the prosecutor that he claims referenced a lack of remorse and a failure to testify and apologize on his part. The State argues that remorse was an issue raised by Decay himself and that the failure to object by trial counsel was within the wide range of permissible, professional legal conduct. Furthermore, the State contends, the statement by the prosecutor was not a reference to Decay's failure to testify, but was the prosecutor's interpretation of Decay's pretrial statements and his actions after the murders that demonstrated a lack of remorse.[1]

> During closing arguments, the prosecutor made the following statements:
>
> And, in that five page statement he still blames Kevin and Kendall for what he had to do. He still blames them. There's no—that's not remorse.
>
> There's no remorse in that letter. There's no remorse in the last parts of the statement because he's not talking about Kevin and Kendall. He's not talking about how bad I feel for them.

An allegedly improper comment on the defendant's failure to testify usually occurs during the prosecutor's closing argument, when the evidence is closed and the defendant's opportunity to testify has passed. *See Johnson v. State*, 2013 Ark. 494, 430 S.W.3d 755. Under those circumstances, a comment that draws attention to the defendant's failure to testify is improper because it creates the risk that the jury will surmise that the defendant's failure was an

---

[1]The State additionally argues that this issue is not preserved for this court's review; however, in *Decay II*, this court directed the circuit court to make factual findings and legal conclusions on this issue. We therefore address the merits of Decay's argument.

admission of guilt. *See id*. Consequently, the comment has the effect of making the

defendant testify against himself in violation of the Fifth Amendment. *See id*. Under the Fifth

Amendment to the United States Constitution, made applicable to the states by the

Fourteenth Amendment, a defendant has the privilege of deciding whether to testify. *See id*.

In determining whether a prosecutor has improperly commented on a defendant's failure to

testify, this court employs a two-step review:

> First, we determine whether the comment itself is an improper comment on the
> defendant's failure to testify. The basic rule is that a prosecutor may not draw
> attention to the fact of, or comment on, the defendant's failure to testify, because this
> then makes the defendant testify against himself in violation of the Fifth Amendment.
> A veiled reference to the defendant's failure to testify is improper, as well. Should we
> determine that the prosecutor's closing argument statement did indeed refer to [the
> defendant's] choice not to testify, we would then determine whether it can be shown
> beyond a reasonable doubt that the error did not influence the verdict.

*Jones v. State*, 340 Ark. 390, 402, 10 S.W.3d 449, 456 (2000) (alteration in original) (quoting

*Gates v. State*, 338 Ark. 530, 538, 2 S.W.3d 40, 44 (1999)).

In *Jones*, this court applied this two-step review and held that a comment by the

prosecutor was not a veiled reference to the defendant's failure to testify. *See id*. Instead, this

court reasoned, "the prosecutor was referring to Jones's lack of remorse as evidenced by his

statements to his brother and to the police and by his actions after the murders." *Id*. at 402,

10 S.W.3d at 456. In addition, the court pointed out, Jones had invited the statements at

issue and opened the door to them; therefore, he was precluded from complaining about

them. *See id*.

Likewise, in the instant case, it is clear that the prosecutor stated that Decay expressed

no remorse in his writings, not that he failed to express remorse to the jury. *See Johnson*, 2013

9

Ark. 494, 430 S.W.3d 755; *Howard v. State*, 348 Ark. 471, 79 S.W.3d 273 (2002). "This was evidence, completely aside from [Decay's] own non-appearance on the witness stand, on which the prosecutor was free to comment." *Jones*, 340 Ark. at 402, 10 S.W.3d at 456. The statements therefore were not improper.

Our review of the record reveals that the prosecutor's statements regarding Decay's lack of remorse, as evidenced by his writings, were not improper comments on his failure to testify, and therefore any objection made by trial counsel would have been without merit. Failure to make a meritless objection is not an instance of ineffective assistance of counsel. *See Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003). For this reason, we affirm the circuit court's finding on this point.

III. *Failure to Object to the Prosecutor's Comment on Decay's Eligibility for Release*

For his third point on appeal, Decay argues that his trial counsel were ineffective in failing to object, move for mistrial, or move that the jury panel be quashed, after the prosecutor commented during voir dire that Decay might become eligible for release if sentenced to life imprisonment without parole. He contends that the comment was meant to discourage jurors from meaningfully considering a sentence of life imprisonment without parole and operated to lead reasonable jurors to think he would be eligible for release if so sentenced.

The State contends that, even if an objectionable ground existed, trial counsel did not object because they were operating under the belief that the prosecutor was only clarifying the legal definition of life imprisonment without parole. The State further claims that it

10

would require speculation to conclude that the statement conveyed to the jury a preference for the death penalty because Decay could potentially be released if sentenced to life imprisonment without parole.

During voir dire, the following colloquy occurred without objection by Decay's trial counsel:

TRIAL COUNSEL: You understand when [the prosecutor] talked to you about Capital Murder and the death penalty, do you understand that he would get – Mr. Decay, if you found him guilty, and you give him life without parole, that that is in fact what that means, life without parole?

PROSECUTOR: Your Honor, for clarification, I believe it would mean that it would be life unless paroled, pardoned, or commutation by a governor. Your Honor, I believe that's the actual definition. And I have no problem with him saying that part, Your Honor.

The thrust of Decay's argument is that his trial counsel's failure to object to the prosecutor's statement resulted in a jury being empaneled that was predisposed to reject a sentence of life imprisonment without parole.

It is clear to this court, however, that Decay has failed to meet the second prong of *Strickland*. Decay seems to assert that he was prejudiced by his trial counsel's failure to object to the prosecutor's statement because it resulted in the jury being predisposed to a sentence of death. Jurors, however, are presumed to be unbiased and are presumed to follow the instructions given to them by the court. *See Echols v. State*, 360 Ark. 332, 201 S.W.3d 890 (2005). A petitioner asserting ineffective assistance of counsel has the burden of proving that the prejudice resulting from an alleged error was real and had some demonstrable, detrimental effect and not some abstract or theoretical effect. *See Springs*, 2012 Ark. 87, 387 S.W.3d 143.

11

SLIP OPINION

Here, the jury had before it both possible sentences, life imprisonment without parole and death, and, while it chose the latter, Decay has not demonstrated any facts to support his claim that it did so because it was influenced by the statement at issue. A petitioner seeking postconviction relief must do more than allege prejudice; he must demonstrate it with facts. *See Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252. We therefore affirm the circuit court's order denying relief on this point.

IV. *Failure to Advance the Defense of Decay's Choice*

Decay next argues that he received ineffective assistance of counsel when his trial counsel failed to advance the defense that he desired. He urges that he was entitled to have the defense of his choice presented to the jury, despite his trial counsel's feelings on the matter, and that the critical stage of his trial was when the State rested its case and trial counsel failed to put on any evidence in his defense. Specifically, Decay avers that his desired defense of denial demanded an explanation why he might have made incriminating statements to police and that his trial counsel were ineffective for failing to so defend him.

The State responds that Decay's trial counsel's conduct fell within the wide range of reasonable professional assistance, as evidenced by the record. It further states that Decay has shown neither deficient performance, nor prejudice, resulting from an alleged failure on the part of his trial counsel to present his desired defense.

Trial counsel's decisions regarding what theory of the case to pursue represent the epitome of trial strategy. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). When a decision by trial counsel is a matter of trial tactics or strategy and that decision is supported

by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37. *See Mason v. State*, 2013 Ark. 492, 430 S.W.3d 759. This is true even where the chosen strategy was improvident in retrospect. *See Sartin*, 2012 Ark. 155, 400 S.W.3d 694; *Flowers v. State*, 2010 Ark. 364, 370 S.W.3d 228 (per curiam). With respect to this claim, the circuit court found that any failure on the part of trial counsel to advance Decay's desired defense did not fall below an objective standard of reasonable assistance, was not deficient, and did not result in any prejudice to Decay. We agree.

Decay first takes issue with what he claims was his trial counsel's failure to employ the defense that a third party had committed the crimes. At the Rule 37 hearing, however, Hyslip testified that an "[i]t wasn't me" defense was used, but that the alibi witness, whose name was provided by Decay, did not back up Decay's statement. Likewise, Tolleson testified that Decay wanted to take the position of a general denial; however, he was unable to provide his counsel with the necessary leads to develop that defense. Tolleson also noted that the defense was hampered by Decay's confession and his jailhouse calls, as they corresponded with the physical evidence against him. In addition, Hyslip testified that all the evidence pointed to Decay as the shooter "and that there was no one else the evidence pointed to" but a co-defendant, as the driver.

Decay further claims that his defense of denial "demanded" that his trial counsel explain why he would have given incriminating statements to the police. Yet, Decay himself chose not to testify, and Hyslip explained how that made the defense that he was not present more difficult. Moreover, while Decay seems to take issue with his trial counsel's failure to

13

put on any evidence after the State rested, Decay has failed to specifically identify any other possible witnesses that trial counsel could have called in his defense or what testimony they could have provided that would have changed the outcome. *See, e.g.*, *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000) (observing that this court does not grant postconviction relief for ineffective assistance of counsel where the petitioner has failed to show what the omitted testimony was and how it could have changed the outcome).

In sum, Decay bases his claim of ineffective assistance of counsel on the notion that he was entitled to the defense of his choice whether his trial counsel thought it wise or unwise; but that is simply not the case. As we have previously observed, an attorney need not advance every argument urged by his client. *See Sartin*, 2012 Ark. 155, 400 S.W.3d 694. Moreover, even though another attorney may have chosen a different course, trial strategy, even if it proves unsuccessful, is a matter of professional judgment. *See Noel*, 342 Ark. 35, 26 S.W.3d 123. Based on the record before us and having indulged in the strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance as we must, Decay has simply failed to demonstrate that the defense provided to him by trial counsel was not supported by reasonable professional judgment.

While Decay also argues that prejudice should be presumed in a claim such as his, we need not address his argument, because he has failed to demonstrate that trial counsel's performance was deficient with respect to the defense he received. As we have previously stated, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."

14



*Anderson*, 2011 Ark. 488, at 3–4, 385 S.W.3d 783, 787 (quoting *Strickland*, 466 U.S. at 697).

We therefore affirm the circuit court's order.

Affirmed.

*William A. McLean*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., and *Laura Shue*, Ass't Att'y Gen., for appellee.