SLIP OPINION

Cite as 2015 Ark. 212

# SUPREME COURT OF ARKANSAS

No. CR-14-407

| | |
|---|---|
| JERRY DEWAYNE SAVAGE<br>APPELLANT | Opinion Delivered May 14, 2015 |
| V. | PRO SE APPEAL FROM THE ASHLEY<br>COUNTY CIRCUIT COURT<br>[NO. 02CR-11-40] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DON GLOVER, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 2012, appellant Jerry Dewayne Savage was convicted of three counts of second-degree sexual assault and sentenced as a habitual offender to an aggregate term of 720 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Savage v. State*, 2013 Ark. App. 133. Appellant filed in the trial court a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014), and the trial court denied the petition without a hearing. Appellant lodged his appeal of the order in this court, and we affirm the trial court's denial of postconviction relief.

Under our general standard of review for an order that grants or denies postconviction relief, this court will not reverse the trial court's decision unless the trial court's findings are clearly erroneous. *See Decay v. State*, 2014 Ark. 387, 441 S.W.3d 899. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

In his petition, appellant raised ten claims as grounds for relief. His ten points on appeal largely reassert the same claims. Appellant's first seven points for reversal are claims of ineffective assistance of counsel, and the first two points allege error in the trial court's finding that trial counsel was not ineffective for failing to investigate or call certain witnesses concerning appellant's mental condition.

On review of claims of ineffective assistance of trial counsel, this court follows the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that two-prong analysis, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Sherman v. State*, 2014 Ark. 474, 448 S.W.3d 704 (per curiam) (quoting *Strickland*, 466 U.S. at 686). In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883.

To satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's performance was deficient. *Decay*, 2014 Ark. 387, 441 S.W.3d 899. To meet this requirement, a postconviction petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Anderson v. State*, 2015 Ark. 18, 454 S.W.3d 212 (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable

professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam).

In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in the sentencing. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

Unless a petitioner under Rule 37.1 makes both required showings under the *Strickland* analysis, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Anderson*, 2015 Ark. 18, 454 S.W.3d 212. There is therefore no reason for a court deciding an ineffective-assistance claim to address both components of the inquiry if the petitioner fails to make a sufficient showing on one. *Id.*

In his first claim, appellant listed four witnesses that he asserted counsel should have called to testify, and he alleged that each would have testified concerning various instances of behavior that reflected his mental impairment following a drug overdose and the lack of successful treatment for it. Appellant also asserted that two of the witnesses would testify concerning statements made by one victim's mother, who worked for the Ashley County Sheriff's Department, about walking in on appellant and her daughter at the time that the alleged

SLIP OPINION

crime occurred and not having reported the incident. In the petition, appellant alleged that he was prejudiced by counsel's failure to call the witnesses because the testimony would have "shed light" on his competency and would have also shown that adults who had knowledge of the crime had failed to report it and that the crimes therefore fell outside the applicable statute of limitations.

To demonstrate prejudice from counsel's failure to call a witness, appellant must have shown that counsel could have presented specific admissible testimony. *See McNichols v. State*, 2014 Ark. 462, 448 S.W.3d 200 (per curiam); *see also Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice, and neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective. *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam). To warrant postconviction relief on the ground that counsel was ineffective for failure to perform an adequate investigation, a petitioner must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation—such as a witness's testimony—could have changed the trial outcome. *Id.*

In appellant's case, the issue of relevant testimony concerning his mental condition is narrowly limited to the issue of his competency to stand trial. So, appellant must demonstrate prejudice as to the question of whether he was capable of understanding the proceedings and assisting in his defense, and the described potential testimony from the witnesses had little

bearing on that issue.

Appellant alleged that the witnesses would have testified that at times he had shown confusion, disorientation, and odd behavior, but the proposed testimony did little to address whether appellant was competent at the time of trial. As the trial court noted in its order denying postconviction relief, there was an evaluation of appellant conducted prior to his trial and, in the resulting report, the evaluating psychologist concluded that appellant had demonstrated competency. The court also noted that appellant had provided an additional evaluation report that had been prepared for an earlier trial and that the evaluating psychologist in that case also concluded that appellant was competent at that time.

None of the testimony that appellant alleged counsel might have put on at trial with additional investigation appeared at odds with the statements in those reports or with the experts' stated support for their conclusions on competency. None of the facts that appellant alleged would appear to have significance concerning the basis of the expert opinion regarding his competency for trial. The testimony was therefore not sufficient to have changed the outcome of the ruling that found appellant was competent and the trial court was not clearly erroneous in finding no prejudice.

On appeal, appellant also alleges that it was not reasonable for his attorney to fail to investigate the witnesses. Appellant's claim of ineffective assistance did not, however, satisfy the *Strickland* test because he did not demonstrate prejudice from the allegedly deficient performance. The trial court did not err in finding counsel was not ineffective for failing to investigate this issue.

The trial court only addressed the issue of the testimony going to the victim's mother having knowledge of the crime and the statute of limitations through its comments on appellant's related fifth claim of ineffective assistance.[1] We conclude, as further discussed in conjunction with the related issue below, that appellant also failed to demonstrate prejudice in that the witness testimony appellant described was insufficient to have changed the outcome at trial concerning this issue.

Appellant's second claim of ineffective assistance alleged that trial counsel had provided false information to the trial court concerning the retention of an independent expert to perform a mental evaluation and had failed to retain an expert to provide testimony concerning appellant's competency. Appellant provided no factual substantiation for his claim that counsel provided false information.

During the course of the proceedings, trial counsel indicated to the court on more than one occasion that she was going to retain an independent expert to perform a mental evaluation. There was a point, however, when appellant forced counsel to abandon any defense based on the theory that appellant had committed the crimes but was not guilty by reason of a mental disease or defect. On the record, trial counsel questioned appellant about his position on his defense because appellant insisted on a defense based on his innocence. In the discussion,

---

[1]The State asserts that appellant failed to preserve some arguments for this court's review because he failed to obtain a ruling on the specific issues. Because the trial court dismissed the Rule 37.1 petition without a hearing, however, the trial court had an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief. *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189. Because those claims for which the court failed to provide a ruling were so closely related to appellant's other claims, the court's findings in this case were, nevertheless, sufficient for this court to determine from the face of the petition and the record that no relief was warranted. *See Spratt v. State*, 2014 Ark. 327, 438 S.W.3d 904 (per curiam).

SLIP OPINION

counsel indicated that she could not also effectively pursue an inconsistent defense. After appellant's decision not to permit counsel to pursue a defense of mental disease or defect, no expert was called to testify for the defense at appellant's trial.

As already noted, there were reports from two experts that concluded that appellant was competent at two different points in time. The trial court found that appellant offered no factual basis for support of his assertion that an independent expert would have provided beneficial testimony, and appellant failed to offer anything other than his own conclusory statements and therefore did not show prejudice.

In appellant's next point on appeal, he reasserts his claim of ineffective assistance of counsel in which he alleged that counsel had failed to file a motion for change of venue. Appellant asserted that the population of the county was small and that, with his relatives in law enforcement and word of mouth, he would not have been able to receive a fair trial due to the nature of the charges. The trial court found that the allegations were unfounded generalizations and that appellant offered no grounds on which counsel could have based a successful motion.

With respect to an ineffective-assistance-of-counsel claim regarding venue, to establish that the failure to seek a change in venue amounted to ineffective assistance of counsel, a petitioner must offer some basis on which to conclude that an impartial jury was not empaneled. *Thomas v. State*, 2014 Ark. 123, 431 S.W.3d 923. Conclusory statements such as appellant's are not sufficient to establish prejudice. *Id.* Bare allegations not supported by facts do not provide grounds on which a motion for change of venue may be founded and do not provide facts to affirmatively support a petitioner's claim of prejudice. *James v. State*, 2013 Ark. 290 (per curiam).

Appellant's next ground for relief alleged ineffective assistance for counsel's allowing appellant to testify at trial. The trial court pointed to portions of the record where counsel questioned appellant about his decision to testify and concluded that appellant had knowingly and voluntarily made a decision to testify. On appeal, appellant reasserts his previous claim, alleging that counsel knew that he was incompetent and that, instead of allowing him to testify, counsel should have pursued alternative defenses with the witnesses from appellant's first claim.

As previously noted, appellant offered no factual substantiation for his claims that he was incompetent to stand trial. He offered no factual substantiation for his claim that his attorney had knowledge that appellant was incompetent, and the discussions on the record involving his testimony undermine his claim that counsel should have understood that he was incompetent to make the decision to testify.

Trial counsel questioned appellant about his understanding concerning the implications of a decision to testify. While appellant at times expressed some uncertainty or requested clarification, ultimately appellant acknowledged that he understood that he was not required to testify and indicated that he believed that he needed to testify in order to present his defense. The accused has the right to choose whether to testify on his own behalf, and counsel may only advise the accused in making the decision. *Lemaster v. State*, 2013 Ark. 449 (per curiam). Appellant's responses on the record demonstrated that he grasped the issues concerning his testimony.

Appellant next alleged in his petition that counsel was ineffective for failing to investigate and file a motion to dismiss on the basis that the statute of limitations had expired. Although

his argument is not entirely clear, appellant appears to contend that the actions by the victim's mother in 2002 or 2003, when she observed some of the conduct charged and then failed to report it, was the equivalent of a report to a law enforcement agency. It was not.

The applicable statutes of limitations, Arkansas Code Annotated section 5-1-109 (Repl. 1997 & Supp. 2003), set a three-year limitation period for the classification of appellant's charges, but include a savings provision which tolls running of the statute until the minor victim reaches the age of eighteen when the alleged violation "has not previously been reported to a law enforcement agency or prosecuting attorney."[2] Ark. Code Ann. § 5-1-109(h). The oldest victim was eighteen at the time of trial, so the limitations period would not have expired so long as the savings provision applied. The victim's mother was employed by a law enforcement agency, but her mere admission that she had been suspicious at the time and that she later realized that what she had seen was in fact one of the three violations that appellant was eventually charged with did not constitute a report to a law enforcement agency, and appellant did not show that the savings provision was not applicable.

To succeed on an allegation that counsel should have made an argument in the trial court or on appeal, the burden is on the petitioner to submit facts to support the proposition that a specific, meritorious argument could have been made and that failing to raise that specific argument would not have been a decision supported by reasonable professional judgment. *Thomas v. State*, 2014 Ark. 207 (per curiam). Appellant failed to show that counsel might have raised a meritorious motion based on a violation of the statute of limitations; therefore, he failed

---

[2]The applicable statutes are those in effect at the time of the alleged offenses. *Doss v. Norris*, 2010 Ark. 199 (per curiam).

9

to demonstrate that counsel was ineffective.

Next, appellant again alleged that trial counsel was ineffective for failing to investigate police reports and recordings that he asserted revealed contradictions in the victims' testimony. Here, as with the previous claims, appellant did not delineate the actual prejudice that arose from the alleged failure to investigate and he therefore failed to demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the trial outcome. Appellant pointed to the same witnesses as in his previous claims, and he did not provide any additional facts concerning the witness testimony or describe what impeaching materials were contained in the reports and recordings that trial counsel allegedly did not investigate, so appellant failed to demonstrate that those materials were sufficient to have changed the outcome of his trial.

Appellant alleged in his petition and on appeal that appellate counsel was ineffective for failing to adequately investigate, complete the record, and raise additional points on appeal. Appellant asserts that appellate counsel should have raised issues concerning the statute of limitations, an argument made by trial counsel in a motion for directed verdict, and the trial court's failure to question trial counsel about the failure to subpoena the independent expert witness that counsel had referenced. Appellant, however, did not demonstrate that appellate counsel could have made any meritorious argument on appeal as a result of further investigation or a supplemented record.

The statute-of-limitations argument, as previously discussed, was without merit. As the court of appeals noted in its opinion on direct appeal, there was sufficient evidence to support

the verdict, albeit with some inconsistencies in the victims' testimony. Appellant did not delineate an argument counsel might have successfully made concerning a basis for raising an obligation on the part of the trial court to question counsel about further investigation of appellant's mental condition. To the extent that appellant identified specific arguments that appellate counsel may have made, he did not provide sufficient supporting facts to meet his burden to show prejudice. Appellant failed to show that there was a specific, meritorious argument that counsel could have made for any additional point on appeal.

In addition to the claims of ineffective assistance of counsel, appellant made three claims of independent constitutional error. Appellant alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), contending that the prosecution had allowed perjured testimony to go uncorrected and withheld documents that would show that the statute of limitations had been violated. Appellant also alleged that the trial court erred in ruling that he was competent for trial and in ruling that there was no due-process violation concerning the statute of limitations.

Allegations of prosecutorial misconduct, violations of due process, or other trial error are issues that should be raised at trial or on direct appeal, and, with the exception of fundamental error sufficient to render the judgment void and subject to collateral attack, such allegations of trial error are not claims that may be raised for the first time in a Rule 37.1 petition. *State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 315. Appellant failed to establish with factual substantiation that his claims of prosecutorial misconduct or due-process violations were sufficient to void the judgment in his case. As noted, the facts that appellant alleged support a violation of the statute of limitations are not sufficient to support a finding of a report of the crimes to a law

SLIP OPINION

enforcement agency. The testimony that appellant alleged to be perjury was, as the trial court correctly found, not perjury but inconsistencies in the testimony that appellant admits trial counsel argued in closing should weigh against credibility of the witnesses. Appellant made no more than conclusory allegations that the previous statements of the witnesses were withheld from the defense.

As for appellant's final claim that it was error for the trial court to have found him competent, as with his similar allegations in previous claims, he failed to allege facts that were sufficient to support his claim that he was actually incompetent. The trial court was sufficiently concerned with the issue that it ordered a current mental evaluation of appellant to be performed, and that report found appellant competent to proceed. As noted, appellant's conduct in the proceedings also appeared to be consistent with the findings in the report. The trial court's findings were not clearly erroneous, and it did not err in denying postconviction relief summarily.

Affirmed.