

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–13–421

| | |
|---|---|
| SCOTT COLLIER | **Opinion Delivered** November 6, 2013 |
| APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17-CR-2009-459] |
| V. | |
| STATE OF ARKANSAS | HONORABLE GARY COTTRELL, JUDGE |
| APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Scott Collier appeals the revocation of his suspended imposition of sentence (SIS), arguing that the evidence was insufficient to demonstrate that he willfully failed to pay the restitution that was a condition of his SIS. We find no error and affirm.

Collier was charged as a habitual offender with seven counts of second-degree forgery. Collier entered a plea of guilty, and the Crawford County Circuit Court sentenced him to four years in an Arkansas Regional Correctional Facility with eleven years' SIS. Among the conditions of Collier's SIS was that he pay restitution in the amount of $1,846 at the rate of $50 per month.

The State filed a petition to revoke Collier's SIS, alleging that he had failed to make any payment toward his restitution for several months. The circuit court found that Collier had violated the terms and conditions of his suspended sentence, sentenced him to six years in the Arkansas Department of Correction, and found that the restitution would still be due and owing upon his release.

Our standard of review in revocation cases is well settled. Because the burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, evidence that is insufficient for a conviction may be sufficient for a revocation. *Reyes v. State*, 2012 Ark. App. 358; *Pitchford v. State*, 2011 Ark. App. 188. When the sufficiency of the evidence is challenged on appeal, we will not reverse a trial court's decision to revoke unless its findings are clearly against the preponderance of the evidence. *Reyes, supra.* Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the trial court to decide these matters. *Id.*

In a revocation case, where the alleged violation of conditions is a failure to make payments as ordered, the State has the burden of proving by a preponderance of the evidence that the failure to pay was inexcusable. *Bohlman v. State*, 2013 Ark. App. 162; *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988). Janice Joslin, the victim-witness coordinator for the Crawford County Prosecuting Attorney's Office, testified that her restitution ledger showed that Collier had made only two $50 payments in June and July 2011 toward the

restitution that had been ordered. Joslin stated that there was a note in the ledger indicating that Collier would pay twice in August 2011, but there were no further payments.

Even though the burden of proof did not shift from the State, once the State introduced evidence of nonpayment, the burden of going forward shifted to Collier to offer some reasonable excuse for his failure to pay. *See Bohlman*, *supra*. Collier offered the following evidence as his reasonable excuse for the failure to pay. He explained that he was paroled from the regional correctional facility to a "chem-free house in Hot Springs." After thirty days in the Hot Springs house, his mother rented him an apartment. Collier received a Pell Grant and started school at National Park Community College. He used the grant money to make the two payments on his restitution.

While living in Hot Springs, Collier reported several life complications. He developed a stomach ulcer and was hospitalized for three days; he was beaten up and robbed, resulting in an anxiety disorder; and he dropped out of school and could not obtain employment because of his felony record. Collier also asserted that he tried to borrow money to pay his restitution, but no one would lend him anything.

Because Collier asserted an inability to pay, the State resumed going forward with its burden by attacking Collier's credibility through cross-examination. *See, e.g.*, *Newsom v. State*, 2011 Ark. App. 760, 387 S.W.3d 245. Collier admitted his obligation to pay restitution, and agreed that he did not have to go to school but chose to do so. Collier agreed that he had a donated laptop that he could have sold and used the proceeds as payment for

restitution. Collier also acknowledged that he had a cosmetology license and his family owned barber shops, so he could get a job.

In determining whether to revoke a suspended sentence for nonpayment, the court is required to consider the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay. *See, e.g.*, *Jordan v. State*, 327 Ark. 117, 939 S.W.2d 255 (1997). Where the failure to pay restitution is not willful, the probationer cannot be punished by imprisonment solely for a failure to pay. *Id*. The failure to make bona fide efforts to seek employment or to borrow money to pay restitution, however, may justify imprisonment. *Bohlman*, *supra*.

Collier argues on appeal that he offered "ample evidence" as to why he failed to make payments on his restitution. He notes his testimony that he was "living on the generosity of his mother and grant money" and that he was "pursuing available job opportunities" while living in Hot Springs. He also cites being "robbed of all his possessions" as hindering his ability to pay restitution. Because he put forth evidence of his inability to pay, Collier argues, the State was then required to carry its burden of demonstrating a lack of good-faith efforts to pay by a preponderance of the evidence. Because the State failed to put on any evidence that Collier's actions were not in good faith, he contends that the State failed to meet its burden. We disagree.

The circuit court considered all of the appropriate factors—Collier's employment status, earning ability, financial resources, and willfulness—and concluded that he failed to

make sufficient attempts to comply with the conditions of his probation. The circuit court found that Collier made the choice to go to school instead of finding work. This conclusion is supported by Collier's own testimony that, with his cosmetology license and his family's barber shops, he could have gotten a job. Further, Collier admitted that he did not have to go to school but chose to do so. In *Bohlman*, *supra*, this court affirmed the revocation of appellant's suspended sentences based on failure to pay restitution where the evidence showed that appellant admitted he had worked sporadically in the past and could "probably find some type of employment in the future." *Bohlman*, 2013 Ark. App. 162, at 3. Given the deference this court shows to the circuit court's superior opportunity to determine the credibility of a witness's testimony and the weight of the evidence, *see id.*, we cannot say that the circuit court's decision was clearly against the preponderance of the evidence. We therefore affirm.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.