PAUL E. DANIELSON, Justice. | Appellant Mark David Johnson negotiated a plea of guilty in the instant case conditioned upon being sentenced by a jury. He now appeals his sentence to two consecutive terms of life imprisonment for murder in the first degree, a term of thirty years’ imprisonment for attempted murder in the first degree, and a term of twenty years’ imprisonment for battery in the first degree. Johnson argues on appeal that the circuit court erred in admitting certain 404(b) evidence in the sentencing phase and by failing to grant a mistrial after certain comments were made by the prosecutor during closing arguments. We find no error and affirm. The pertinent facts are these. On October 4, 2010, Johnson’s estranged wife, Heather Johnson, served him with divorce papers. Two days later, on October 6, 2010, Johnson crashed his Dodge pick-up truck into Heather’s Jeep Cherokee. At the time of the collision, | ¡.Heather was in the back seat of her Jeep. The Jeep was being driven by Heather’s friend, Shelly Paccio, and Paccio’s niece, Austin Paccio, was riding on the passenger side. Austin was twenty years old and eight months’ pregnant with a baby girl. As a result of the collision, Austin and her unborn daughter died. Both Heather and Shelly suffered serious injuries. Johnson was charged in a felony information; however, a negotiated plea was entered before trial. He pled to two counts of murder in the first degree, one count of criminal attempt to commit murder in the first degree, and one count of battery in the first degree. The agreement allowed for a jury to determine his sentence. Therefore, a jury was empaneled, and a sentencing hearing was held to establish the factual circumstances of the crime for the jury and to address sentencing. Johnson now appeals the sentence imposed; however, we do not find his arguments persuasive, and we affirm the sentence. At the sentencing hearing, several witnesses testified on behalf of both the State and the defense. Testimony was presented from victims, witnesses, accident-reconstruction experts, and family and friends of both parties. Heather testified on behalf of the State. Her testimony revealed that, at the time of the collision, she was in the process of divorcing Johnson because she had caught him molesting her minor daughter. For his first point on appeal, Johnson asserts that the circuit court erred in allowing this evidence to be presented to the jury as it was not proper 404(b) evidence. However, this argument was not preserved with a contemporaneous objection. | «Although Johnson filed a pretrial motion regarding this testimony, and the objection was discussed at a pretrial hearing, the court never gave a definitive ruling. The court explained to counsel that it was generally the court’s position that the sentencing phase is much different from the guilt phase and that sufficient testimony would be allowed to show motive, purpose, and “those kinds of things.” However, the court specifically stated that it would proceed and “should a question be asked which the parties — you certainly may make your objections at the time.” Johnson failed to object and make his record at the time that Heather gave testimony regarding the alleged molestation. A defendant’s failure to make a contemporaneous objection to testimony prevents him from asserting on appeal any error on the part of the trial court for admitting the evidence. See, e.g., Hardman v. State, 856 Ark. 7, 144 S.W.3d 744 (2004). Although a contemporaneous objection at trial is not required when the objection was made in the form of a motion in limine and was overruled, see Banks v. State, 2009 Ark. 488, 347 S.W.3d 31, the court here did not clearly overrule the objection and specifically told the parties that they may object at the time. Therefore, we do not reach this issue on appeal. For his second point on appeal, Johnson argues that the circuit court erred by failing to grant him a mistrial because during the State’s closing argument, comments made by the prosecuting attorney equated to discussing the defendant’s choice not to testify. The State avers that the comments were simply an observation that none of the testimony presented demonstrated remorse on behalf of Johnson and were made in response to the defense |4claiming that Johnson exhibited remorse and had accepted responsibility for the crime. The State claims that it was not a comment in reference to Johnson not testifying as the appellant claims, and we agree with the State. We have made it clear that a mistrial is a drastic remedy that should only be granted when justice cannot be served by continuing at trial, or when the error cannot be cured by an instruction or admonishment. See Jackson v. State, 368 Ark. 610, 249 S.W.3d 127 (2007). We have also explained that “some leeway is given to counsel in closing argument and that counsel are free to argue every plausible inference which can be drawn from the testimony.” Newman v. State, 353 Ark. 258, 290, 106 S.W.3d 438, 459 (2003). Therefore, a circuit court is given broad discretion in controlling the arguments of counsel, such that, absent an abuse of that discretion, the court’s decision will not be disturbed on appeal. See Jackson, 368 Ark. at 615-16, 249 S.W.3d at 130. The prosecutor specifically commented during the State’s closing arguments: He set out to do what he did. And what remorse have you heard for what was done? What remorse have you heard anybody express? None. Johnson objected at that time and moved for a mistrial, arguing that the prosecutor’s statement was a direct comment on Johnson’s absolute constitutional right not to testify. An allegedly improper comment on the defendant’s failure to testify usually occurs during the prosecutor’s closing argument, when the evidence is closed and the defendant’s opportunity to testify has passed. See Howard, v. State, 348 Ark. 471, 79 S.W.3d 273 (2002). Under those circumstances, a comment that draws attention to the defendant’s failure to | Stestify is improper because it creates the risk that the jury will surmise that the defendant’s failure was an admission of guilt. See id. Consequently, the comment has the effect of making the defendant testify against himself in violation of the Fifth Amendment. See id. Under the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, a defendant has the privilege of deciding whether to testify. However, the comment here did not refer to Johnson’s failure to testify. Rather, it referred to the State’s observation that Johnson never expressed remorse to the witnesses that testified, not that he failed to express remorse to the jury. The State even questioned one witness specifically about Johnson’s behavior in the moments right after the collision. The pawn-shop owner, Michael Keith Matthews, knew Johnson and was at the scene of the collision. Matthews testified that he was outside helping in the moments after the collision. His testimony was that Johnson, while in his presence, had not done anything to indicate he was concerned for the passengers in the vehicle — did not ask about them nor did he personally go over to them. The State had a right to comment on this in closing argument. The facts presented to us in the instant case are similar to the facts in Howard, supra. In Howard, the prosecutor said the following during closing arguments: Ladies and Gentlemen, the only comment that I guess I would make on the Defendant’s witnesses and its testimony, and I listened very carefully and even discussed it with Mr. Cooper. Did you ever once hear the word of remorse? Did you hear it just once? You’ve been here for four days ... 348 Ark. at 488-89, 79 S.W.3d at 284. The defendant objected to that statement, arguing that it was an improper comment on Howard’s right not to testify. See id. While this court |fiheld that Howard did not seek further relief by moving for a mistrial or requesting an admonition to the jury, we went on to conclude that even had he done so, the comment did not refer to Howard’s failure to testify and instead referred to the fact that he had never expressed remorse to the witnesses that testified. See id. We conclude the same in the instant case and affirm. Compliance with Rule k-S(i) As previously noted, Johnson was sentenced to life imprisonment. Pursuant to Arkansas Supreme Court Rule 4 — 3(i), the record has been reviewed for all objections, motions, and requests that were decided adversely to Johnson, and no prejudicial error was found. Affirmed. BAKER and HART, JJ., concur.