



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–837

| | | |
|---|---|---|
| QUINCEL McGUIRE | | **Opinion Delivered** January 22, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT [NO. CR–2010–508] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRENT DAVIS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

### ROBIN F. WYNNE, Judge

Quincel McGuire appeals from the revocation of his probation, challenging the sufficiency of the evidence supporting the trial court's finding that he willfully failed to make payments as directed. We find no error and affirm.

On May 5, 2011, appellant pled guilty to two counts of delivery of a controlled substance (cocaine). The circuit court sentenced him to five years' probation and a fine, costs, and fees totaling $1381, to be paid in monthly installments of $50; he was also ordered to pay a supervision fee of $25 a month. On March 2, 2012, the State filed a petition for revocation alleging that appellant had violated the conditions of his probation by failing to report to his probation officer as directed; moving without notifying his probation officer of the new address; failing to pay his fine and court costs as directed; and failing to pay supervision fees as directed. Appellant pled guilty to this revocation petition and in April

SLIP OPINION

2012 was sentenced to five years' probation, forty-seven days in the county jail with credit for time served, costs previously assessed to remain in effect and payable at the same rate, and a $35 a month supervision fee.

On December 7, 2012, the State filed another petition for revocation, alleging failure to pay fines and costs as directed, failure to pay monthly probation fees as directed, and failure to maintain employment. The revocation hearing was continued twice, and the probation-supervision fees that appellant had been ordered to pay were waived by an order entered on February 14, 2013. At the revocation hearing on July 1, 2013, the chief deputy of the Craighead County Sheriff's Department testified that appellant had made no payments and had a total balance of $1381 in this case. Appellant then testified on his own behalf. He stated that he had been unemployed since July 2012, when he worked as a cook at McDonald's for "a couple of weeks." His employment ended when he moved back to Marked Tree, Arkansas, because his mother was sick and needed care. He lived with his mother, had no money in the bank, and did not own a vehicle or have a driver's license. He testified that he had looked for work through an employment agency but was rejected because of his criminal record. He stated that he relied on his mother for food and shelter and received no government assistance. Appellant further testified that he had spent almost 200 days in the last year in the Craighead County jail for misdemeanor fines.

The circuit court found that appellant had willfully failed to make payments, noting that appellant was capable of working and the lack of evidence that he had made any effort to make any payments. Upon revocation, appellant was sentenced to five years' probation, conditioned in part on serving 120 days in the county jail, completing 180 hours of

SLIP OPINION

community service within three months of release from county jail, and making $50 payments per month, beginning 90 days after completing community service, on the fine and costs previously assessed. This timely appeal followed.

In order to revoke probation or a suspended imposition of sentence, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2011). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Williams v. State*, 2013 Ark. App. 592, at 1. Where the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Sanders v. State*, 2012 Ark. App. 697, at 2–3. It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Id.* Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the defendant's failure to pay was inexcusable. *Scroggins v. State*, 2012 Ark. App. 87, at 9, 389 S.W.3d 40, 45.

On appeal, appellant argues that the State failed to prove by a preponderance of the evidence that he inexcusably failed to pay or find employment. He points to his testimony that he did not have the ability to pay because he could not find a job. He also points to the waiver of his probation supervision fee and the finding of indigence that led to a public defender being appointed to represent him. He cites Ark. Code Ann. § 5-4-205(f), which concerns restitution and provides:

(f)(1) If the defendant is placed on probation or any form of conditional release, any restitution ordered under this section is a condition of the suspended imposition of sentence, probation, parole, or transfer.

(2) The court may revoke probation and any agency establishing a condition of release may revoke the conditional release if the defendant fails to comply with the order and if the defendant has not made a good faith effort to comply with the order.

(3) In determining whether to revoke probation or conditional release, the court or releasing authority shall consider:

(A) The defendant's employment status;

(B) The defendant's earning ability;

(C) The defendant's financial resources;

(D) The willfulness of the defendant's failure to pay; and

(E) Any other special circumstances that may have a bearing on the defendant's ability to pay.

Because appellant was not ordered to pay restitution, this statute is not strictly applicable. Nonetheless, these are the factors that the trial court appears to have considered. Here, appellant was admittedly capable of working and the trial court simply did not believe that he was making a sufficient effort to make payments. When considering the lower burden of proof in revocation proceedings and giving the proper deference to the superior position of the trial court to determine questions of credibility and the weight to be given the evidence, we hold that the court did not clearly err in finding that appellant wilfully violated the condition of his probation requiring him to make payments as directed.

Affirmed.
HARRISON and GLOVER, JJ., agree.
*Paul J. Teufel*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.