

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-1039

| | |
|---|---|
| | **Opinion Delivered** June 4, 2014 |
| SERGIO JAMAR HAYNES | APPEAL FROM THE SEBASTIAN |
| APPELLANT | COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | [Nos. CR-02-1015, CR-03-741, CR-09-1277] |
| | HONORABLE JAMES O. COX, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Sergio Jamar Haynes appeals the Sebastian County Circuit Court's revocation of his suspended imposition of sentence (SIS), challenging the sufficiency of the evidence supporting it. We affirm.

On September 3, 2003, Haynes pled guilty to delivery of cocaine, possession of cocaine with the intent to deliver, possession of drug paraphernalia, and possession of marijuana, second offense. He was sentenced to forty-two months' imprisonment, 138 months' SIS, and ordered to pay $100 in fees. Haynes was paroled in June 2004. On November 30, 2009, Haynes pled guilty to first-degree criminal mischief. The trial court sentenced him to five years' SIS and ordered him to pay $1951 in restitution and $1250 in fines, costs, and fees.

On August 30, 2011, the State filed a petition for revocation of Haynes's 2009 SIS, alleging that he failed to pay restitution, fines, and costs. A revocation hearing was set for April 10, 2013, but Haynes did not appear. Thereafter, on May 14, 2013, the State filed an amended

petition for revocation of Haynes's 2003 and 2009 SIS, restating the allegations that he failed to pay restitution, fines, fees, and costs, and further alleged that he violated state law by committing the offenses of failure to appear on April 10, 2013, and first-degree promoting prostitution between April 17, 2013, and May 1, 2013.

At the September 2013 revocation hearing, the trial court took judicial notice of Haynes's failure to appear for the April 10, 2013 revocation hearing. The trial court also admitted into evidence the restitution, fees, costs and fines case profiles. Per the case profiles, Haynes's restitution balance was $291, with the last payment being made on April 2, 2013. The fees, costs, and fines case profile reflected that Haynes had made no payments.

During the hearing, the State elicited testimony from several witnesses to support its allegation that Haynes committed the offense of promoting prostitution.[1] Regarding the other allegations, Haynes's sister, Louise Horton, testified that Haynes had a learning disability and that while he had held a job in the past, he was currently receiving $700 in monthly disability benefits. She told the trial court that Haynes lived with their mom and paid no rent; he paid their mom for food and "a little bit on her electric bill"; he had a car note that he was paying; and he had been providing financial assistance to his daughter. Horton stated that Haynes failed to appear on April 10 because he had the days mixed up. The trial court took the matter under advisement.

---

[1]A summary of that testimony is not necessary because the trial court ultimately found that the promoting-prostitution allegation could not serve as the basis for revoking Haynes's SIS.

A second revocation hearing was held on October 1, 2013,[2] during which Horton testified that she had spoken to her brother on the phone while he was in jail, and while he asked her to make his car payment, he told her not to make a restitution payment. At the conclusion of the hearing, the trial court revoked Haynes's SIS, finding that he violated the terms and conditions of his SIS when he failed to appear and failed to pay restitution, fines, fees, and costs. The court credited Horton's testimony that Haynes told her not to pay his restitution as evidence that he had a willful desire not to pay. Upon revocation, the trial court sentenced Haynes to six years' imprisonment with seventy-seven years' SIS. This appeal followed.

In order to revoke a suspended sentence, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2011). On appellate review, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *McGuire v. State*, 2014 Ark. App. 52, at 3. Where the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Id.* It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Id.* Despite the shifting of the burden

---

[2]The State requested the second hearing to present additional testimony in support of its promoting-prostitution allegation.

of production, the State shoulders the ultimate burden of proving that the defendant's failure to pay was inexcusable. *Id.*

In the case at bar, it is undisputed that Haynes failed to pay ordered amounts of restitution, fines, fees, and costs. On appeal, he contends that the State did not prove that he inexcusably failed to pay. In determining whether to revoke a suspended sentence for nonpayment, the trial court is required to consider the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay. *Collier v. State*, 2013 Ark. App. 643, at 4. Where the failure to pay restitution is not willful, the probationer cannot be punished by imprisonment solely for a failure to pay. *Id.*

Haynes claims his failure to pay was excusable because he was unable to pay. However, the evidence demonstrated that Haynes had income (disability benefits) and few expenses (food, "a little bit" of his mom's electric bill, a car note, and support for his daughter). The evidence also showed that he had the ability to pay[3] but chose not to. Based on this evidence, the trial court could have found that Haynes inexcusably failed to make his payments. Therefore, we hold that the trial court's finding that Haynes willfully violated the condition of his probation requiring him to make payments as directed was not clearly against the preponderance of the evidence. Accordingly, we affirm the trial court's revocation decision.[4]

---

[3]Haynes made $1660 in restitution payments.

[4]Because the State need only prove one violation of probation to sustain a revocation, *Amos v. State*, 2011 Ark. App. 638, at 5–6, it is not necessary to address Haynes's second argument on appeal that the trial court erred in finding that he violated state law by failing to appear on April 10, 2012.



Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.