

SLIP OPINION Cite as 2017 Ark. App. 386

# ARKANSAS COURT OF APPEALS
## DIVISION III
**No.** CR-16-1070

| | |
|---|---|
| KENNETH WILLIAM BURRIS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **OPINION DELIVERED:** JUNE 21, 2017<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-14-489]<br><br>HONORABLE GARY COTTRELL, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## ROBERT J. GLADWIN, Judge

This no-merit appeal is from the revocation of appellant Kenneth Burris's probation and suspended imposition of sentence for which he was sentenced to ten years in the Arkansas Department of Correction (ADC) and ten additional years' suspended imposition of sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) (2016) of the Rules of the Arkansas Supreme Court and Court of Appeals, Burris's counsel has filed a motion to withdraw on the basis that the appeal is wholly without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Burris made by the circuit court on all objections, motions, and requests made by either party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished

SLIP OPINION

Burris with a copy of his counsel's brief and notified him of his right to file pro se points; Burris did not file any points.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4–3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.*; *see also Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). This framework ensures that indigents are afforded their constitutional rights. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001). In furtherance of the goal of protecting these constitutional rights, it is the duty of both counsel and this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *See id.*

## I. *Facts*

Burris pleaded guilty in April 2015 to two counts of second-degree sexual assault. He was sentenced to five years' probation on one count and fifteen years' suspended imposition of sentence on the other, along with various conditions. The State petitioned to revoke probation and the suspended imposition of sentence on April 26, 2016, alleging that Burris hadviolated his conditions by contacting one of the victims and not paying fines.

At the revocation hearing, Lisa Whetstine, the Crawford County fines and restitution coordinator, testified that Burris, during the preceding year, had made only one complete monthly payment and one partial payment. A victim and her mother testified that Burris had made contact with the victim three to five times. The mother testified that Burris did

not try to leave during some of those contacts. Burris and his fiancée testified that any contact was involuntary and that Burris told the victim to get away. Burris also testified that he made payments as he was able but conceded that he had not made the required payments.

Finding the State's witnesses more credible, the circuit court ruled that the State had proved by a preponderance of the evidence that Burris inexcusably violated both alleged conditions. The circuit court sentenced him to ten years in the ADC and ten more years' suspended imposition of sentence pursuant to a sentencing order entered on August 31, 2016. Burris filed a timely notice of appeal on September 8, 2016.

## II. *Discussion of Adverse Rulings*

There are no nonfrivolous issues that support an appeal in this case. In compliance with the directive in *Anders*, *supra*, and Rule 4–3(k)(1), counsel for Burris has thoroughly examined the circuit court record of this proceeding but found no error that would support an appeal. As required by Rule 4–3(k), the reasons that the adverse rulings provide no meritorious grounds for appeal are discussed in Counsel's brief. Counsel indicates that there were four unfavorable rulings for Burris: the revocation, a sustaining of the State's hearsay objection, an overruled objection, and a motion for continuance that was not ruled upon.

## A. Revocation

There is no meritorious ground to argue that the circuit court clearly erred in finding that the State proved by a preponderance of the evidence that Burris violated the conditions. The State argued that Burris had violated the conditions in two ways, either one of which was enough to revoke. *Williams v. State*, 2014 Ark. App. 19. We address each alleged violation in turn.

The conditions forbade Burris from contacting either victim, who were his sisters. One victim, B.B., testified that she had contact with Burris four times in violation of that condition: (1) They rode to Wal-Mart together after their mother picked Burris up; (2) Burris came with their mother to pick B.B. up from a friend's house; (3) B.B. and their mother went to Burris's apartment and visited for around twenty minutes; and (4) B.B. and their mother picked Burris up at his apartment and brought him to the mother's house where he stayed "for a few minutes."

Burris's and the victims' mother, Deanna Burris, admitted to allowing B.B. and Burris to visit on three occasions in early 2016. Though Burris was uncomfortable, he did not try to leave.

Burris's fiancée, Janae Bowles, contradicted that testimony when she testified that Burris told his mother and B.B. to leave when they came to his apartment and when they approached him at Wal-Mart. Bowles admitted, however, that she was not around every time Burris and B.B. had contact. Burris's testimony echoed Bowles's—that he had told B.B. and his mother to get away at Wal-Mart and when they came to his apartment. The testimony therefore cut both ways. Though the circuit court could have believed Burris and his fiancée, it, as the sole determiner of credibility, was not required to. *McGuire v. State*, 2014 Ark. App. 52. It instead found the State's witnesses more credible. There is no meritorious basis to argue that this court should override the circuit court's credibility determination.

Because the State need only prove a violation of one condition in order to revoke, it is unnecessary to address the other basis. *Williams*, *supra*. Out of an abundance of caution,

counsel addresses the State's allegation that Burris failed to pay fines, costs, and fees as required. As part of his conditions, Burris was to pay $70 each month beginning June 1, 2015. Lisa Whetstine, testified that Burris had paid $75 on August 25, 2015, and $10 on March 21, 2016. Her ledger showing the payments was introduced as evidence.

Burris and his fiancée claimed that he had made more payments than the ledger reflected, but he could not say how many he made or how much they were. Although he introduced money-order receipts into evidence, the receipts did not indicate to whom the money orders were issued, and in any event, totaled less than the amount Burris owed. Burris further admitted that he had not made payments as required, offering that he had done the best he could and that he had lost his job when he was injured.

The State bore the initial burden of showing nonpayment, which it met with Whetstine's testimony. The burden then shifted to Burris to prove that he had paid or to explain his nonpayment. *Haynes v. State*, 2014 Ark. App. 363. The circuit court, as the credibility determiner, was not required to believe Burris's story about being injured, losing his job, and doing the best he could. *McGuire*, *supra*. The defendant in *McGuire*, for example, testified that he could not pay because he could not find a job. He also relied on the waiver of his probation-supervision fee and a court finding of indigence that led to appointment of a public defender. *Id*. Affirming the revocation, this court concluded that although the defendant's testimony was unrebutted, the circuit court could simply not have believed the defendant. *Id*. Likewise, the circuit court here could have concluded that Burris just chose to not pay. Accordingly, there is no meritorious basis for this court to override the circuit court's credibility determination.



### B. Hearsay Objection

Next, counsel submits that there is no meritorious basis to argue that the circuit court abused its discretion in sustaining the State's hearsay objection or that Burris was prejudiced by it. Burris's counsel asked Bowles what payments Burris had made. The State objected based on hearsay. The circuit court sustained the objection and asked Burris's counsel to lay a foundation. Burris's counsel then laid a foundation, and Bowles testified about the payments about which she had knowledge.

There is no meritorious basis to argue that the circuit court's sustaining of the objection is a ground for reversal. First, a witness can testify only about things he or she has personal knowledge of pursuant to Arkansas Rule of Evidence 602 (2016). The circuit court thus did not abuse its discretion. *Edison v. State*, 2015 Ark. 376, 472 S.W.3d 474. Second, there was no prejudice. After the objection, Burris's counsel laid the foundation and elicited from Bowles information regarding the payments about which she had knowledge. Because prejudice is required before an evidentiary error can serve as a basis to reverse, there is no meritorious ground to argue this issue on appeal. *Edison*, *supra*.

### C. Relevance Objection

Next, counsel submits that there is no meritorious basis to argue that Burris was prejudiced when the circuit court overruled his relevance objection. When the State asked Bowles how old she was when she started dating Burris, his counsel objected on relevance grounds. The circuit court overruled the objection, and Bowles proceeded to testify that she was fifteen and Burris was twenty-three when they started seeing each other.

Arguably, the age of Bowles (who was eighteen at the time of the hearing) when she started seeing Burris was irrelevant to the revocation issues, namely, whether Burris had had contact with B.B. and whether he had made timely payments. Bowles's age had no tendency to make the existence of any fact that was of consequence to those issues more or less probable and was thus inadmissible. Ark. R. Evid. 401, 402.

Counsel maintains that although it was irrelevant, there was no prejudice. The testimony had nothing to do with the circuit court's ultimate ruling that Burris had contact with B.B. and that he did not make payments as ordered. There was ample evidence from other witnesses to support both of those conclusions. *See Johnson v. State*, 2014 Ark. 110, 431 S.W.3d 895 (no basis to reverse where, though inadmissible evidence is allowed, other evidence is overwhelming). And it is presumed that a circuit court in a bench trial will consider only relevant evidence. *Marshall v. State*, 342 Ark. 172, 27 S.W.3d 392 (2000). That presumption can be overcome only if there is an indication that the court considered the inadmissible evidence. *Id*. In ruling here, the circuit court gave no indication that Bowles's age affected its decision. Therefore, the error is not a meritorious basis for reversal.

### D.  Motion for Continuance

Finally, counsel submits that there is no meritorious basis to argue that the circuit court abused its discretion in not granting Burris's motion to continue or that he was prejudiced. Burris filed a motion to continue the hearing date and received the following email response from the circuit court administrator:

> In regards to your motion and order faxed today at 11:00 a.m. asking for a continuance in the above styled matter due to a setting in Sebastian County District Court . . . Judge Cottrell has already left for the day and will not be back in the office

till Wednesday August 17, 2016. This matter was reset from two weeks ago due to you not being present. Hopefully, you can get the matter reset in District Court.

Counsel raises this issue, although the circuit court did not deny the motion; rather he just never ruled on the motion. Moreover, Burris's counsel announced on the morning of the hearing that he was prepared to go forward with the hearing. Under such circumstances, this court would not consider the issue on appeal. *Smith v. State*, 2012 Ark. App. 613.

In any event, the basis for the motion was not that Burris or his counsel needed more time to prepare for the hearing or that they would somehow be prejudiced; it was that his counsel had a setting in a different court on the same day. That setting apparently was moved, because Burris's counsel announced the morning of the hearing that he was ready to proceed. Accordingly, even if the circuit court had denied the motion to continue, Burris could not argue in good faith that the circuit court abused its discretion or that he was prejudiced. *Price v. State*, 365 Ark. 25, 223 S.W.3d 817 (2006).

Having carefully reviewed the circuit court record for prejudicial error or errors that could support the appeal, and having found none, we hold that Burris's revocation should be affirmed and counsel's motion to withdraw is granted.

Affirmed; motion to withdraw granted.

ABRAMSON and GLOVER, JJ., agree.

*Brett D. Watson, Attorney at Law PLLC*, by: *Brett D. Watson*, for appellant.

No response.