Josephine Linker Hart, Justice, dissenting. Mr. Burns has a constitutional right to have his appeal decided on. the merits. See Ark. Const, amend. 80, § 11. The majority has failed to apprehend that the guilt phase and the penalty phase of a criminal trial are bifurcated. While Mr. Burns elected to plead guilty, he nonetheless exercised his constitutional right to be sentenced by a jury. The jury-sentencing procedure entailed jury selection, opening statement, presentation of almost every witness that the State had intended to call during the aborted guilt phase of the trial, jury instruction, and closing argument. Consequently, the only part of Mr. Burns’s constitutional right to appeal that he “waived” was his in regard to the question of his guilt or innocence. See Johnson v. State, 2013 Ark. 494, 430 S.W.3d 755 (appeal of jury sentencing after guilty plea). Accordingly, I would decide this case on the merits. .1 respectfully dissent.