Josephine Linker Hart, Justice, dissenting. | nThe majority fails to recognize the significance of Mr. Johnson’s trial counsel’s failure to object to the testimony of Mr. Johnson’s estranged wife, Heather Johnson, during the sentencing proceeding. Heather testified that she discovered that Mr. Johnson had been sexually molesting their minor daughter. Sexually molesting a minor is a crime in this state, and that allegation constituted an uncharged, unproven crime. Although Arkansas Rule of Evidence 404(b) has largely been eviscerated by case law that has stretched almost beyond recognition the exceptions contained within the rule, these exceptions do not include evidence of uncharged, unproven crimes presented in a sentencing proceeding after a .guilty plea. Walls v. State, 336 Ark. 490, 986 S.W.2d 397 (1999). As in the case before us, Walls pleaded guilty, but requested jury sentencing. The State introduced testimony regarding Walls’s involvement in an uncharged, unproven murder. Walls, 336 Ark. at 499, 986 S.W.2d at 402. In reversing, this court stated that it is a foundation of our criminal justice system that we do not sentence defendants for unproven, uncharged crimes. 336 Ark. at 500-01, 986 S.W.2d at 402-03. Accordingly, the Relief pursuant to a Rule 37 petition is defined by Rule 37.4, 1 which states that “the circuit court may set aside the original judgment, discharge the petitioner, resentence him or her, grant' a new trial, or otherwise correct the sentence, as may appear appropriate in the proceedings.” Walls court held that the testimony was both irrelevant and unfairly prejudicial. Id. Walls is directly on point. The majority js simply wrong when it asserts that Heather’s testimony was relevant and admissible. Moreover, the error was clearly prejudicial to Mr. Johnson. I hardly need mention that sex crimes against children are reviled in this state. I réadily acknowledge' that as a mechanism for postconviction rélief, Rule 37 is pretty much an empty kettle. However, in the twenty-seven-year history of Rule 37, one of the two instances in which an incarcerated person received relief[1] on appeal—Flores v. State, 350 Ark. 198, 85 S.W.3d 896 (2002)—involved a trial counsel’s failure to object to an obvious trial error. Failure to object to Heather’s testimony resulted in this court’s refusal to consider hathis argument on direct appeal. Johnson v. State, 2013 Ark. 494, 430 S.W.3d 755. As in Flores, prejudice is proven. I would reverse and remand this case for a new sentencing proceeding. I respectfully dissent. . Relief pursuant to a Rule 37 petition is defined by Rule 37.4, which states that "the circuit court may set aside the original judgment, discharge the petitioner, resentence him or her, grant a new trial, or otherwise correct the sentence, as may appear appropriate in the proceedings.”