LARRY D. VAUGHT, Judge
Henry Gadsden Jr. appeals the sentencing order entered by the Pulaski County Circuit Court convicting him of first-degree battery and sentencing him to serve ten years in the Arkansas Department of Correction. On appeal, Gadsden argues that evidence was insufficient to support his conviction and that the circuit court abused its discretion in admitting the testimony of Cynthia Field. We affirm.
At Gadsden's bench trial, Jimmia Green testified that on March 13, 2017, she was at school while Gadsden (her boyfriend) was at her home with her four-month-old daughter, RG1, and his one-year-old daughter, RG2. Green stated that she received a text message from Gadsden advising that RG1 had hit her head, she was hurt, and Green needed to come home. Green testified that Gadsden first said that RG1 was injured when RG2's foot came down on RG1's head, but he later told Green that RG1 had fallen from the bed, she had fallen from the kitchen counter, and he may have dropped her. Green said Gadsden never told her that he had kicked RG1 in the head, and she denied having told anyone that.
When Green returned home and saw RG1, she called UAMS to voice her concerns about RG1's injuries and to advise *529 that she was bringing RG1 to the hospital, which she did. Green testified that the doctor evaluated RG1, said she was normal, and released her on March 14, 2017. On the morning of March 15, law-enforcement officers came to Green's home and told her that she had to take RG1 to UAMS for a follow-up evaluation.
Cynthia Field, a receptionist at UAMS, testified that she answered Green's call on March 13. Field stated that Green identified her baby as RG1 and said, "My boyfriend kicked the baby in the head." Field put Green on hold to find a nurse, and Green hung up. Field reported the call to her supervisor, which led to a child-abuse-hotline report and the follow-up evaluation of RG1 at UAMS.
Detective Sarah Hicks of the Little Rock Police Department testified that she received a child-abuse-hotline report concerning RG1's injuries and investigated the report, which included interviewing Gadsden. In his interview, Gadsden said that he had placed RG1 in a bouncy seat on a bed with RG2. He stated that he left the room, heard a bang, returned to the room, and found RG1 and RG2 on the floor. He said that RG2 was trying to get up, and her foot stepped on RG1's head. He also said that RG1's head may have struck the wooden bedframe.
Dr. Rachel Clingenpeel of UAMS testified that she evaluated RG1 on March 15. Her examination revealed that RG1 had sustained fractures to the left and right parietal bones of her skull, bruising on the left side of her forehead, swelling on the left side of her skull, subdural and subarachnoid hematomas and hemorrhages, and swelling of the brain. Dr. Clingenpeel stated that RG1's injuries were caused by a substantial traumatic force that an immobile infant could not generate on her own. The doctor testified that RG1's injuries were inconsistent with short household falls from three to four feet and involved substantial forces "significantly greater than any force that would be involved in any sort of appropriate interaction with an infant." Dr. Clingenpeel stated that the only plausible explanation for RG1's injuries provided in the patient history was a kick to the head by an adult. Her diagnosis of RG1 was child physical abuse and neglect.
Gadsden testified at trial. He stated that RG1's injuries were caused when he was carrying RG1, tripped over RG2, dropped RG1, and fell on top of her. He admitted that the other accounts he gave about how RG1 was injured were lies.
At the conclusion of trial, the circuit court found Gadsden guilty of first-degree battery and sentenced him to ten years' imprisonment. This appeal followed.
Gadsden's first point on appeal is that the evidence is insufficient to support his conviction. In order to preserve a challenge to the sufficiency of the evidence in a bench trial, a criminal defendant must make a specific motion for dismissal or for directed verdict at the close of all evidence. Sellers v. State , 2013 Ark. App. 210, at 3-4 (citing Colgan v. State , 2011 Ark. App. 77, at 1 ; Ark. R. Crim. P. 33.1(b)-(c) (2010) ). Rule 33.1 reads in pertinent part:
(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence.... If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.
(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.
Ark. R. Crim. P. 33.1(b)-(c) (2018). It is well settled that Rule 33.1 is strictly construed.
*530 Sellers , 2013 Ark. App. 210, at 4. Failure to adhere to the requirements in Rule 33.1(b)"will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment." Ark. R. Crim. P. 33.1(c).
In Sellers , also a bench trial, the appellant moved for dismissal at the close of the State's case, but defense counsel did not renew the motion at the close of all the evidence. Citing Arkansas Rule of Criminal Procedure 33.1, we held that the appellant's sufficiency argument was not preserved for appeal. 2013 Ark. App. 210, at 5. Similarly, Gadsden's attorney moved for directed verdict at the close of the State's case, but he did not renew his motion at the close of all the evidence. Pursuant to Rule 33.1(b) & (c), his sufficiency argument is not preserved for appeal.
Gadsden asserts that he has not waived his sufficiency argument because at the close of the evidence in the case, he was not afforded the opportunity to make arguments or motions before the circuit court announced its verdict. He relies on Olson v. Olson , 2014 Ark. 537, at 7, 453 S.W.3d 128, 133, claiming that it "recognized an exception to the contemporaneous objection rule and stated that '[i]n order for the procedural bar to apply, a party must have had the opportunity to voice an objection to the challenged ruling.' " Olson is distinguishable, however. There, the supreme court held that the appellant was not barred from raising an issue from the divorce proceeding for the first time on appeal when she was not present at the hearing and had no opportunity to object to the circuit court's ruling. Olson , 2014 Ark. 537, at 7, 453 S.W.3d at 133.
In the case at bar, Gadsden was present at the bench trial, and the record reveals that after Gadsden rested, the circuit court did not immediately rule. Therefore, he had the opportunity to renew the motion for directed verdict. Accordingly, we hold that Gadsden's sufficiency argument is not preserved for appeal.
Gadsden's second point on appeal is that the circuit court abused its discretion in admitting the testimony of Field. This argument is not preserved for appeal because Gadsden did not make a contemporaneous objection during Field's testimony. A contemporaneous objection is required to preserve an issue for appeal. Lewis v. State , 2017 Ark. App. 442, at 10, 528 S.W.3d 312, 319 ; see also Johnson v. State , 2013 Ark. 494, at 3, 430 S.W.3d 755, 756 (holding that a defendant's failure to make a contemporaneous objection to testimony prevents him from asserting on appeal any error on the part of the circuit court for admitting the evidence).
Gadsden argues that his pretrial oral motion in limine to exclude Field's testimony preserved the issue for appeal. Although a contemporaneous objection at trial is not required when the objection was made in a motion in limine and was overruled, if the court did not clearly overrule the pretrial objection and specifically tell the parties that they may object at the time and they do not, the issue is not preserved for appeal. Johnson , 2013 Ark. 494, at 3, 430 S.W.3d at 756-57 (citing Banks v. State , 2009 Ark. 483, 347 S.W.3d 31 ). In the case at bar, the circuit court did not rule on Gadsden's pretrial motion in limine to exclude the testimony of Field, and it specifically advised the parties to "bring it up when [Field] testifies." When Field testified, Gadsden did not object. Accordingly, the issue is not preserved for appeal.
Affirmed.
Gruber, C.J., and Whiteaker, J., agree.