Cite as 2020 Ark. App. 25

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-136

| | |
|---|---|
| | Opinion Delivered: January 15, 2020 |
| CHRISTOPHER RICHARDSON<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-16-285] |
| V. | |
| | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Christopher Richardson appeals after he was convicted by the Faulkner County Circuit Court of failure to comply with registration and reporting requirements and was placed on sixty months' probation. Appellant's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(k) (2019) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court mailed a copy of counsel's motion and brief to appellant's last-known address informing him of his right to file pro se points for

reversal; however, he has not done so.[1]  Consequently, the attorney general has not filed a brief in response.  We grant counsel's motion to withdraw and affirm the convictions.

Appellant was charged by felony information with failure to comply with registration and reporting requirements in violation of Arkansas Code Annotated section 12-12-904.  A bench trial was held on August 1, 2018.

At trial, Sex Offender Coordinator Vanda Phillips testified that she oversaw appellant's compliance as a Level 3 sex offender.  After she received an anonymous tip, she and Investigator Billy Kenney did a compliance check in March 2016.  When she arrived at the RV park registered as his address, appellant's trailer and vehicle were not located in his assigned lot.  She later located appellant's trailer outside the entrance of the RV park by the side of the road, and it had no electricity, water, or utilities hooked to it.  According to Ms. Phillips, Ms. Georgia Beard, who stated that she collected the rent from anyone that lived in the RV park, told her that appellant was not living there anymore but was instead employed as an over-the-road truck driver.  Ms. Beard further reported that appellant would stay with JoAnn Bradberry when he was not on the road.  According to Ms. Phillips, appellant had reported that his physical address was at the RV park but that his mailing address was the same address as Ms. Bradberry.  Ms. Phillips further testified that she was unable to verify his employment.  Mr. Kenney testified at trial and corroborated Ms. Phillips's testimony.

---

[1]The packet was mailed to appellant by certified mail, and a return receipt indicates that delivery was accepted.

Ms. Beard testified at trial that she had told Ms. Phillips and Mr. Kenney that appellant was in the process of moving and that is why appellant's trailer had been moved. Ms. Beard further testified that appellant had been receiving mail at that address. However, on cross-examination, Ms. Beard testified that appellant's trailer had been moved to higher ground due to flooding but explained that it was typically parked in appellant's assigned lot. She additionally explained that appellant was a truck driver and would always leave the utilities unhooked to his trailer while he was away. Finally, Ms. Beard testified that appellant had continued to pay rent for his lot.

After the State rested its case, appellant moved for a directed verdict[2] arguing that the State had failed to meet its burden of proof that he did not reside at the registered address. The trial court denied his motion, and appellant presented his defense. Two witnesses testified on his behalf. Brian Bradberry testified that he was the landlord at the RV park and that appellant always paid rent for his lot. Mr. Bradberry explained that because appellant was away for work, he had moved appellant's trailer due to potential flooding issues and that appellant did not even know that he had moved it at the time the compliance check took place. Mr. Bradberry further testified that appellant was not living with Mr. Bradberry's mother, JoAnn Bradberry, and that appellant would merely disconnect the utilities to his trailer when he was traveling for work. Ms. Bradberry

_____

[2]Although appellant moved for a directed verdict, such a motion at a bench trial is a motion for dismissal. A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are both challenges to the sufficiency of the evidence. *See* Ark. R. Crim. P. 33.1 (2019); *Thornton v. State*, 2014 Ark. 157, 433 S.W.3d 216.

corroborated Mr. Bradberry's testimony. She testified that appellant would leave his vehicle at her home when he would travel for work; however, she denied that appellant was living with her.

Appellant failed to renew his dismissal motion at the conclusion of all the evidence. The trial court found appellant guilty and placed him on sixty months' probation. This appeal followed.

Appellant's counsel explains that any challenge to the sufficiency of the evidence based on appellant's motion for a dismissal would be wholly without merit. In order to preserve a challenge to the sufficiency of the evidence, a criminal defendant must make a specific motion for dismissal or for directed verdict at the close of all the evidence. *Sellers v. State*, 2013 Ark. App. 210, at 3–4 (citing *Colgan v. State*, 2011 Ark. App. 77, at 1; Ark. R. Crim. P. 33.1(b)–(c) (2010)). Rule 33.1 states in pertinent part:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. . . . If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.

Ark. R. Crim. P. 33.1(b)–(c) (2019). It is well settled that Rule 33.1 is strictly construed. *Sellers, supra.* Failure to adhere to the requirements in Rule 33.1(b) "will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment." Ark. R. Crim. P. 33.1(c).

In *Sellers*, also a bench trial, the appellant moved for dismissal at the close of the State's case, but defense counsel did not renew the motion at the close of all the evidence. Citing Arkansas Rule of Criminal Procedure 33.1, we held that the appellant's sufficiency argument was not preserved for appeal. *Sellers*, *supra*. Similarly, appellant's attorney moved for a dismissal at the close of the State's case, but he did not renew his motion at the close of all the evidence. Therefore, any arguments challenging the sufficiency of the evidence are not preserved for appeal. *See also Bailey v. State*, 2015 Ark. App. 312. Thus, from our review of the record and the brief presented, we find that counsel has complied with the requirements of Rule 4-3(k) and hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted, and appellant's conviction is affirmed.

Affirmed; motion to withdraw granted.

HARRISON and MURPHY, JJ., agree.

*Benca & Johnston*, by: *Patrick J. Benca*, for appellant.

One brief only.