Cite as 2020 Ark. App. 109

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–19–523

| | |
|---|---|
| NICHOLAS HERNANDEZ-LOPEZ<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** February 12, 2020<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58CR-18-324]<br><br>HONORABLE WILLIAM PEARSON, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellant Nicholas Hernandez-Lopez was convicted by a Pope County jury of one count of second-degree sexual assault. In accordance with the jury's recommendation, the circuit court sentenced Hernandez-Lopez to serve five years in the Arkansas Department of Correction. On appeal, Hernandez-Lopez argues that the circuit court erred in permitting witness testimony regarding the victim's credibility. We affirm.

Hernandez-Lopez was charged by information with the rape and second-degree sexual assault of then twelve-year-old M.A. [1] The offenses were alleged to have occurred beginning when she was nine years old.

Because Hernandez-Lopez does not challenge the sufficiency of the evidence, only a brief summary of the facts supporting his conviction is necessary. According to Alyssa

---

[1] The jury acquitted him of the rape charge.

Petty, M.A.'s school counselor, a student came to her with troubling information regarding M.A. and her stepfather, Hernandez-Lopez. Petty testified that she confronted M.A. with the allegations, and as a result of M.A.'s response, the school contacted the child-abuse hotline.

At trial, M.A. first testified about a specific incident that occurred in April 2018. She stated Hernandez-Lopez crawled into bed with her and, laying with his front to her back, he touched her chest and buttocks. She also recalled feeling his penis become erect. She then generally described other inappropriate interactions between her and Hernandez-Lopez—some involving him putting his mouth on her vagina—but she testified that he "very rarely" touched her vagina.

Hernandez-Lopez also testified. He generally denied the allegations and challenged M.A.'s credibility.

On appeal, Hernandez-Lopez argues that the circuit court abused its discretion in admitting Petty's testimony regarding M.A.'s credibility. He directs us to her specific testimony in response to the State's question about whether she had an occasion to develop an opinion regarding M.A.'s character for truthfulness or reputation for truthfulness. Petty responded, "She has never given me any reason to think that she had lied or was lying to me, so I would say she has a good reputation." Following the testimony, Hernandez-Lopez did not object, and the State passed the witness.

This argument is not preserved for appeal because Hernandez-Lopez did not make a contemporaneous objection during this testimony, which is required to preserve an issue for appeal. *See Gadsden v. State*, 2019 Ark. App. 153, at 5, 570 S.W.3d 527, 530; *see*

2

*also Johnson v. State*, 2013 Ark. 494, at 3, 430 S.W.3d 755, 756 (holding that a defendant's failure to make a contemporaneous objection to testimony prevents him from asserting on appeal any error on the part of the circuit court for admitting the evidence).

We note that Hernandez-Lopez filed a pretrial motion in limine "to prevent State witnesses from giving opinion as to alleged victim's truthfulness of statements made." Our supreme court has held that a contemporaneous objection at trial is not required when the objection was made in a motion in limine and was overruled, but if the court did not clearly overrule the pretrial objection and it specifically informed the parties that they may object at the time and they do not, the issue is not preserved for appeal. *Johnson*, 2013 Ark. 494, 430 S.W.3d 755. Here, the circuit court did not rule on Hernandez-Lopez's motion, and it specifically advised the parties "to wait until the trial" and the court would address it then. Hernandez-Lopez did not object to Petty's testimony regarding her opinion of M.A.'s character for truthfulness.

Accordingly, because no specific objection was made to the circuit court, Hernandez-Lopez's argument is not preserved, and we affirm.

Affirmed.

GRUBER, C.J., and ABRAMSON, J., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.