Cite as 2021 Ark. App. 276

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–20–352

|  |  |  |
|---|---|---|
| JEFFERY FORD | | **Opinion Delivered** June 2, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-19-163] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | APPELLEE | |
| | | AFFRIMED; MOTION TO WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

The Garland County Circuit Court convicted Jeffery Ford of third-degree domestic battery. He was sentenced to two years' imprisonment and four years' suspended imposition of sentence. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), Ford's counsel has filed a motion to withdraw stating there is no merit to an appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served Ford with a copy of counsel's brief and notified him of his right to file pro se points for reversal, but he has not done so. We affirm Ford's conviction and grant counsel's motion to withdraw.

On March 1, 2019, the State charged Ford with third-degree battery, alleging that he had battered his wife, Melissa Ford, on March 20, 2018, and that he had been convicted of third-degree battery in October 2017. Ford waived his right to a jury trial, and the case proceeded to a bench trial on February 20, 2020.

At trial, Melissa testified that Ford beat her with his belt buckle for five minutes after he became angry that her alarm had woken him up five minutes early. She testified that she sustained injuries, including a black eye, bruises, and cuts. The State introduced photographs of Melissa's injuries.

At the close of the State's case, Ford moved to dismiss and argued that the State presented insufficient evidence of battery. He argued that Melissa had condoned Ford's actions in the past and had returned to their relationship. The court denied the motion.

Ford testified and denied having beaten Melissa on March 20, 2018. He stated that he had never intentionally caused injuries to her. He admitted, however, that he had previously pled guilty to slapping her and throwing her against a car. Kathy Hunt, Melissa's friend and a rebuttal witness for the State, testified that she saw Ford drag Melissa by her hair in 2013. At the conclusion of the evidence, the court found Ford guilty of third-degree domestic battery.

During the sentencing phase, the State introduced the sentencing orders for Ford's prior convictions, including an October 2017 conviction for third-degree domestic battery. Ford also read a statement and asked the court to grant him probation or a bond for time to secure his dog, tools, and personal belongings. The court sentenced Ford to two years'

imprisonment and four years' suspended imposition of sentence and denied his request for a bond. This no-merit appeal followed.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Tennant v. State*, 2014 Ark. App. 403, 439 S.W.3d 61.

In this case, counsel correctly explains that any challenge to the sufficiency of the evidence based on Ford's motion to dismiss would be wholly without merit. In order to preserve a challenge to the sufficiency of the evidence, a criminal defendant must make a specific motion for dismissal or for directed verdict at the close of all the evidence. *Richardson v. State*, 2020 Ark. App. 25, 595 S.W.3d 1. Rule 33.1 provides in pertinent part:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. . . . If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.

Ark. R. Crim. P. 33.1(b)–(c) (2020). It is well settled that Rule 33.1 is strictly construed. *Gadsden v. State*, 2019 Ark. App. 153, 570 S.W.3d 527.

Here, Ford moved for a dismissal at the close of the State's case, but he did not renew the motion at the close of all the evidence. Therefore, any argument challenging the

sufficiency of the evidence is not preserved for appeal. *See Richardson*, 2020 Ark. App. 25, 595 S.W.3d 1.

Counsel also lists three other rulings. The first concerns a discussion about a motion on criminal responsibility. Specifically, at a pretrial hearing, Ford's trial counsel stated, "I anticipate that . . . we will file a motion on criminal responsibility." The court responded, "That won't be granted because the forensic report reflected no mental disease or defect." Counsel on appeal correctly explains that there would be no merit to an appeal of this issue because it is not preserved for our review. This court considers only those arguments that were raised below and considered by the circuit court in rendering its decision. *See Anderson v. State*, 2015 Ark. 18, 454 S.W.3d 212 (holding that a claim was not preserved because the circuit court did not provide a clear ruling on the request and the appellant did not clearly object). Ford never filed a motion on criminal responsibility.

The second ruling is the court's denial of Ford's evidentiary objection. Specifically, during Kathy Hunt's testimony that she saw Ford drag Melissa by her hair, Ford objected and argued that the State had failed to lay a proper foundation. The court overruled the objection and stated that the State was "getting there." Thereafter, Hunt testified that she witnessed the incident outside the Fords' residence in 2013.

Pursuant to Arkansas Rule of Evidence 602, a witness can testify only about things of which she has personal knowledge. *See Burris v. State*, 2017 Ark. App. 386. The circuit court is given wide discretion in evidentiary rulings, and we will not reverse unless the circuit court has abused its discretion. *Edison v. State*, 2015 Ark. 376, 472 S.W.3d 474.

4

Given these standards, we agree with counsel that there is no meritorious ground to argue this issue on appeal.

The third ruling is the circuit court's denial of Ford's request for a bond following his conviction. The direct appeal of a verdict is not the appropriate vehicle to challenge a denial of an appeal bond. *See Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003). A writ of certiorari is the appropriate vehicle for relief in bail proceedings. *Wells v. State*, 2016 Ark. 449, 504 S.W.3d 600 (citing *Meeks v. State*, 341 Ark. 620, 19 S.W.3d 25 (2000)). Our supreme court has held that a defendant waived his opportunity to ask for review of the denial of bail by not raising the issue through a writ of certiorari. *Walley*, 353 Ark. 586, 112 S.W.3d 349. In this case, Ford did not file a writ of certiorari. We thus agree with counsel that there would be no merit to an appeal of this issue.

Lastly, counsel correctly states that Ford's sentence is not illegal. Arkansas Code Annotated section 5-26-305(b)(2)(B)(iii) (Supp. 2019) provides that third-degree battery is a Class D felony if, within the past five years, the person has committed third-degree domestic battery. For a Class D felony, the sentence shall not exceed six years. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013). The State presented evidence that Ford committed third-degree domestic battery in October 2017, and the court sentenced Ford to two years' imprisonment and four years' suspended imposition of sentence. It is the court's function to impose a sentence, and it is the court's obligation to exercise its discretion in the imposition of that sentence. *Ford v. State*, 99 Ark. App. 119, 257 S.W.3d 560 (2007).

Accordingly, from our review of the record and the brief presented to us, we find that counsel has complied with *Anders* and Rule 4–3(k) and hold that the appeal is without merit. We therefore grant counsel's motion to withdraw and affirm the conviction.

Affirmed; motion to withdraw granted.

HIXSON and MURPHY, JJ., agree.

*Kezhaya Law, PLC*, by: *Matthew A. Kezhaya*, for appellant.

One brief only.